Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| GEOVANNY ORTIZ PÉREZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00320 | ***Revisión Administrativa***<br>Procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Núm. Solicitud: GMA1000-324-26<br><br><br>Sobre: Violación de Derechos Civiles |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro, el Juez Sánchez Báez y la Jueza Lotti Rodríguez.

*Grana Martínez, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico a 24 de junio de 2026.

El recurrente, Geovanny Ortiz Pérez, solicita que revoquemos la Resolución en la que el Departamento de Corrección y Rehabilitación denegó su petición de una mesa y una silla para colocar en su celda. Los hechos son los siguientes.

I

El señor Ortiz Pérez, en adelante el recurrente o Ortiz Pérez, invocó ante el Departamento de Corrección y Rehabilitación el derecho a tener una mesa y una silla en su celda, conforme a la reglamentación interna de esa agencia. El foro administrativo inspeccionó físicamente la sección de vivienda del recurrente y denegó su solicitud. La agencia fundamentó la decisión en las observaciones que hizo de la celda del confinado y de su sección de vivienda. Luego de constatar las condiciones existentes determinó lo siguiente:

1. El recurrente tenía en su celda un espacio apto para sentarse.

2. Los confinados no tenían mesas en sus celdas por seguridad.

3. Las áreas comunes y de recreación tenían seis mesas cada una con cuatro espacios para sentarse.

4. Los confinados tenían 24 espacios disponibles en esas áreas para escribir.

5. La población penal puede disfrutar de las áreas comunes, cuando están fuera de sus celdas desde las 6:00 am hasta las 6:00 pm.

Inconforme el recurrente, presentó este recurso en el que alega lo siguiente:

(1)     Su expediente médico tiene evidencia de una cirugía en su pierna izquierda y de un permiso de silla en las distintas instituciones a las que ha sido trasladado.

(2)     La reglamentación de la agencia establece claramente el derecho de los confinados a tener mesa, inodoro y un *intercom* de emergencia en sus celdas.

(3)     Las mesas removidas por seguridad podían sustituirse por una de metal.

(4)     La remoción de las mesas evidencia las deficiencias en la vigilancia de los confinados y en la seguridad.

(5)     Los confinados ocupan las mesas en las plazoletas con juegos.

(6)     Las celdas se abren a las 7:00 am hasta las 12:00 del mediodía, y de 1:00 pm hasta 6:00 pm.

(7)     Para poder escribir el recurso, tuvo que hacerlo en el piso.

II

Los tribunales al momento de revisar las decisiones del foro administrativo tienen autoridad para: (1) conceder el remedio apropiado, siempre que determinen que el recurrente tiene derecho

a alguno, (2) sostener las determinaciones de hecho que hizo la agencia, siempre que estén basadas en evidencia sustancial que conste en el expediente administrativo y (3) revisar las conclusiones de derecho en todos sus aspectos. 3 LPRA sec. 9675. La evidencia sustancial es aquella pertinente que una mente razonable puede aceptar como adecuada para sostener una conclusión. El expediente administrativo es la base exclusiva del procedimiento ante la agencia y de la revisión judicial. *OEG v. Díaz Atienza,* 2025 TSPR 128, 217 DPR ___(2025). Los tribunales pueden apoyarse y utilizar como referencia las interpretaciones de las agencias sobre los estatutos que administran. No obstante, aunque reconocen su conocimiento especializado, no están atados a la interpretación de la ley del foro administrativo. Los tribunales no pueden concederles deferencia automática a las agencias, porque la interpretación de la ley es una función inherentemente judicial. La razonabilidad es el criterio rector al momento de evaluar judicialmente las decisiones del foro administrativo. *OAM v. Abarca Health,* 2025 TSPR 23, 215 DPR __ (2025)*; J.H.V. v. Negociado de la Policía de Puerto Rico,* 2025 TSPR 139, 217 DPR___ (2025). La revisión judicial y la intervención de los tribunales está limitada a aquellas instancias en las que la agencia: (1) no fundamentó la decisión en evidencia sustancial, (2) interpretó o aplicó las leyes o reglamentos que le corresponde poner en vigor incorrectamente (3) actuó arbitraria, irrazonable o ilegalmente y realizó determinaciones carentes de base racional (4) lesionó derechos constitucionales fundamentales. *OEG v. Díaz Atienza,* supra*.*

### III

Los errores que alega el recurrente se reducen a determinar, si el Departamento de Corrección se equivocó al no autorizar una silla y una mesa en su celda. La agencia no cometió los errores

señalados. Su decisión está basada en evidencia sustancial que consta en el expediente administrativo.

El Departamento de Corrección atendió el reclamo del confinado mediante una inspección de su celda y del área en la que se encuentra. La inspección evidenció que tenía donde sentarse dentro de su celda. La agencia no dio paso a su solicitud de una mesa, porque está prohibido por seguridad. No obstante, encontró que los confinados podían escribir y realizar actividades recreativas en las mesas y sillas existentes en las áreas comunes. El recurrente no demostró que en el expediente administrativo existe evidencia sustancial que derrote las observaciones y hallazgos encontrados por la agencia durante su inspección.

Por otro lado, revisamos las conclusiones de derecho en todos sus aspectos y no encontramos que el Departamento de Corrección interpretó o aplicó incorrectamente la ley o su reglamentación interna. Tampoco encontramos evidencia de que actuó arbitraria, irrazonable o ilegalmente, ni que obró de forma inconstitucional.

IV

Por los argumentos antes mencionados, se confirma la Resolución recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones